## In re Pennsylvania Transportation Assistance Authority

CREAMER, Attorney General, June 8, 1972.— We have received an inquiry from M. Mark Mendel, solicitor for the Pennsylvania Transportation Assistance Authority (the "Authority"), by letter of May 1, 1972, concerning the constitutionality of the authority's use of funds derived from general obligation bonds of the Commonwealth. Mr. Mendel referred us to the letter of Robert P. Casey, Auditor General, dated April 20, 1972, addressed to you, wherein Mr. Casey asked if the expenditure by the authority of funds raised by the sale of general obligation bonds violated Article VIII, sec. 8, or Article VIII, sec. 9, of the Pennsylvania Constitution. It is our opinion, and you are advised that the authority may expend such funds without violating the Pennsylvania Constitution provided that the funds are used to acquire title to or a fractional or undivided ownership interest in land, equipment or other property.

The Authority proposes to use such funds as matching funds which, together with grants from the Federal Government and other funds raised by the municipalities involved, will enable municipalities to acquire land or equipment or to improve or rehabili-

tate existing transit facilities in accordance with the provisions of the Pennsylvania Transportation Authority Act of 1967, the Act of January 22, 1968 (No. 7), 66 PS §1901, et seq. Such projects constitute capital projects specifically itemized in the Capital Budget Act for the fiscal years 1971-1972, Transportation Project Itemization Supplement, Act of January 26, 1972 (No. 188), as well as capital budgets for prior years.

Article VIII, sec. 7, of the Pennsylvania Constitution authorizes the Commonwealth to incur debt, without the approval of the electors, for capital projects specifically itemized in a capital budget, if the debt will not increase the total Commonwealth debt beyond certain limitations. Such debt must mature within a period not to exceed the estimated useful life of the projects as stated in the authorizing law.

Pursuant to the foregoing section, the Commonwealth may issue general obligation bonds for the capital projects defined by the Pennsylvania Transportation Assistance Authority Act of 1967, 66 PS §1902. The bonds must mature within the period of the useful life of the projects as set forth in section 11 of the act, 66 PS §1911.

As originally enacted, the act empowered the authority to borrow money, make and issue bonds and refunding bonds not exceeding $30,000,000, but the Act of July 24, 1969, P. L. 183, sec. 5, repealed this provision (66 PS §1905(a)(10)), and left the Authority without the ability to issue its own bonds.

In connection with the original provision for the Authority to issue bonds, the act contains the following provision which has not been repealed:

"(b) The authority shall have no power at any time or in any manner to pledge the credit or taxing power of the Commonwealth or any of its political subdi-

visions, nor shall any of its bonds, obligations or debts be deemed to be obligations of the Commonwealth or any of its political subdivisions, nor shall the Commonwealth nor any of its political subdivisions be liable for the payment of principal of, or interest on, such bonds, obligations or debts": 66 PS §1905(b).

Because of this provision, the Authority may not be required to repay the Commonwealth or its bondholders for the funds utilized by the Authority to purchase land, equipment and other property in connection with its capital projects. Consequently there should be no provision for repayment by the users to the Authority or the Commonwealth for the funds provided, except that the Authority's interest in land, equipment and other property should be leased to the users for a nominal rental.

Since the funds will benefit local transit companies and local municipalities, the Auditor General is concerned that the use of general obligation bonds may amount to pledging the credit of the Commonwealth to a private entity in violation of Article VIII, sec. 8, of the Pennsylvania Constitution, or assuming the debt or any part thereof, of a municipality in violation of Article VIII, sec. 9, of the Pennsylvania Constitution.

The constitutional provisions in question are as follows:

"§ 8. Commonwealth credit not to be pledged

"The credit of the Commonwealth shall not be pledged or loaned to any individual, company, corporation or association nor shall the Commonwealth become a joint owner or stockholder in any company, corporation or association."

"§ 9. Municipal debt not to be assumed by Commonwealth

"The Commonwealth shall not assume the debt, or

any part thereof, of any county, city, borough, incorporated town, township or any similar general purpose unit of government unless such debt shall have been incurred to enable the Commonwealth to suppress insurrection or to assist the Commonwealth in the discharge of any portion of its present indebtedness."

There will not be a violation of Article VIII, sec. 8, if the credit of the Commonwealth is pledged or loaned to the Authority, because the Authority is not an individual, company, corporation or association. Similarly, there will not be a violation of Article VIII, sec. 9, if the Commonwealth assumes the debt of the Authority because the Authority is not a county, city, borough, incorporated town, township, or any similar general purpose unit of government.

The act authorizes the Authority to acquire by purchase any property necessary or desirable for carrying out the purposes of the Authority: 66 PS §1905(a)(8). As defined by the act, the term "property" includes fractional and undivided co-ownership interests: 66 PS §1902(5).

If the money raised by general obligation bonds is used to purchase the title to land, equipment or other property, or a fractional or undivided co-ownership interest therein, in the name of the Authority, the credit of the Commonwealth, if it is being pledged or loaned to anyone, is being pledged or loaned to the Authority. The land, equipment or other property or interest therein may then be leased by the Authority to an individual, company, corporation or association.

In Basehore v. Hampden Industrial Development Authority, 433 Pa. 40 (1968), the court held that industrial development authorities were not individuals, companies, corporations or associations within the meaning of Article IX, sec. 6, of the former

Pennsylvania Constitution, which contains the same language as Article VIII, sec. 8, of the new Constitution. The court's statement, at pages 58-9, is applicable to the present question:

". . . The money raised by the bonds will go to the Authorities and not to the industrial corporations; the Authorities will own the factories; the corporations will lease the plants from the Authorities. Therefore, if credit is being lent to anyone, it is being lent to the Authorities. On several occasions we have held that authorities similar to the Industrial Development Authorities involved in this case were not individuals, companies, corporations or associations within the meaning of Sections 6 and 7."

In the same manner the land, equipment or other property or interest therein may be leased by the Authority to a county, city, borough, incorporated town, township or any similar general purpose unit of government without creating a debt on the part of such municipality. Hence, the Commonwealth will not have assumed any debt or part thereof, in violation of Article VIII, sec. 9.

In order to avoid possible legal problems arising from the retention of possession by a vendor, the authority should acquire its title or fractional or undivided ownership interest, in the case of equipment or other personal property, direct from the manufacturer thereof rather than by assignment from the user.

In summary, it is our opinion, and you are advised, that funds generated by the sale of general obligation bonds may be utilized for the purchase by the Authority of title to or a fractional or undivided co-ownership interest in land, equipment or other property in accordance with the purposes of the act without violating Article VIII, secs. 8 and 9, of the Pennsyl-

vania Constitution. The Authority's interest in any equipment or other personal property should be purchased direct from the manufacturer, and its interest in land, equipment or other property should be leased to the user at a nominal rental.